# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NICHOLAS ALEXANDER
   HARRISON,

         Appellant,

      v.

SMALL BUSINESS
   ADMINISTRATION,

         Agency.

DOCKET NUMBER
DC-1221-16-0653-W-1

DATE: April 22, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Nicholas Alexander Harrison</u>, Washington, D.C., pro se.

<u>Claudine Landry</u>, Esquire, and <u>Erika Virginia Hoppes</u>, Washington, D.C.,
   for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision that denied his request for corrective action in his individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On July 1, 2013, the appellant began working for the agency in an excepted-service position as a GS-11 Veterans Affairs Specialist, subject to a 2-year trial period. Initial Appeal File (IAF), Tab 10 at 14. The appellant's primary duties included working on Boots to Business, an entrepreneurial training program for service members leaving the military and interested in starting a small business. IAF, Tab 16 at 10, 41. B.C. served as the appellant's first-line supervisor from July 1, 2013, until September 30, 2013, and then from April 1, 2014, until the appellant's termination during his probationary period in June 2014. *Id.* at 9. C.H. served as the appellant's first-line supervisor from October 1, 2013, until March 31, 2014. *Id.* R.J. served as the head of the office during the duration of the appellant's employment with the agency. *Id.*

On or about May 15, 2014, the appellant prepared a one-page memorandum regarding the data collection processes used in Boots to Business, alleging that they violated the Paperwork Reduction Act and the Privacy Act. IAF, Tab 4 at 5, Tab 25 at 15. The appellant sent this report to R.J., B.C., and C.H. IAF, Tab 4 at 5; Hearing Compact Disc (HCD) 1 (testimony of the appellant). Then, on May 20, 2014, and June 10, 2014, the appellant met with R.J. and B.C. to discuss his concerns. IAF, Tab 4 at 5-7. On June 11, 2014, B.C. decided to terminate the appellant during his trial period, citing unacceptable conduct. IAF, Tab 16 at 111-12. The appellant's termination went into effect on June 13, 2014. *Id.* at 103.

The appellant filed a complaint with the Office of Special Counsel (OSC) on June 11, 2014, alleging that the agency terminated him in reprisal for making protected disclosures about the Boots to Business data collection processes violating law. IAF, Tab 4 at 10-19. OSC accepted the complaint and conducted

an investigation lasting approximately 1 year. *Id.* at 51-54. OSC notified the appellant that it closed its investigation without further action on June 20, 2016. *Id.* at 52-54. The appellant then filed an IRA appeal with the Board.[2] IAF, Tab 1.

After the administrative judge found that the appellant made a nonfrivolous allegation of Board jurisdiction, the parties were permitted to conduct discovery, and a hearing was scheduled. IAF, Tab 13 at 1. The appellant filed a motion to compel the agency to respond to written discovery, and sought subpoenas for OSC documents and the hearing testimony of witnesses. IAF, Tabs 17-19. The administrative judge denied each of these motions, citing the appellant's failure to follow the Board's regulations. IAF, Tab 20. The administrative judge also denied on relevancy grounds seven of the eight witnesses that the appellant requested for the hearing. IAF, Tab 24 at 4-5, Tab 29 at 3.

After holding a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 39, Initial Decision (ID) at 1-20. The administrative judge found that the appellant met his burden of proving by preponderant evidence that he exhausted his administrative remedies with OSC and made two protected disclosures—the one-page memorandum that he sent to his supervisors concerning the data collection processes used in the Boots to Business program and the subsequent meetings with his supervisors on the topic.[3] ID at 5-7. Such disclosures were found to be a contributing factor in the agency's decision to terminate the appellant, as the termination decision made by B.C. occurred within days of the disclosures being made to her. ID at 8. However, the administrative judge determined that the agency proved by clear and convincing evidence that the appellant's supervisors

[2] The appellant filed his IRA appeal with the Board on June 10, 2016, which was prior to receiving the closeout letter from OSC. IAF, Tab 1, Tab 4 at 52-54. This filing was properly before the Board, as more than 120 days had passed from the date that the appellant filed his complaint with OSC, and he had yet to receive notification of further action. IAF, Tab 4 at 10; *see* 5 U.S.C. § 1214(a)(3)(B).

[3] The administrative judge found that the appellant did not exhaust his administrative remedies with OSC on one other alleged protected disclosure. ID at 5-7.

had little motivation to retaliate against him and that his termination was based on performance and conduct issues. ID at 8-20. In particular, regarding the agency's contention that it terminated the appellant because of his unacceptable performance, the administrative judge relied in part on B.C.'s and C.H.'s hearing testimony claiming that the appellant had communication issues, failed to demonstrate basic project management skills, and did not accept feedback, adhere to timelines, and work well with colleagues in the office. ID at 14-19.

The appellant's petition for review followed, where he argues that, because the administrative judge denied his motion to compel and subpoena requests, he was unable to provide evidence showing a motivation to retaliate against him and to rebut the agency's assessment of his performance. Petition for Review (PFR) File, Tab 1 at 8-10, Tab 4 at 4-5. The appellant also claims that the administrative judge improperly disapproved the witnesses that he requested that would have testified to his performance. PFR File, Tab 1 at 8-10, Tab 4 at 5-6. The agency responded in opposition, and the appellant filed a reply. PFR File, Tabs 3-4.

**ANALYSIS**

The administrative judge properly denied the appellant's motion to compel and request for subpoenas.

The Board's regulations at 5 C.F.R. § 1201.73(c) outline the requirements for a motion to compel. A party's failure to follow these requirements provides adequate grounds for an administrative judge to deny any such motion. 5 C.F.R. § 1201.74(a); *see Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 12 (2010) (noting that an administrative judge may deny a motion to compel discovery if a party fails to comply with 5 C.F.R. § 1201.73). Here, the appellant's motion to compel contained several shortcomings. First, the appellant did not include a copy of the discovery requests and a statement showing that the information he sought is discoverable, as required by 5 C.F.R. § 1201.73(c)(1)(i). IAF, Tab 17. Further, the appellant failed to indicate that he made a good faith

effort to resolve the discovery issues with the agency prior to filing his motion, as required by 5 C.F.R. § 1201.73(c)(1)(iii). *Id.* Therefore, the administrative judge's denial of the appellant's motion was appropriate. *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 17 (2016) (upholding the administrative judge's denial of the motions to compel, partly because neither party met and conferred in good faith to resolve discovery issues before filing); *McDaniel v. U.S. Postal Service*, 33 M.S.P.R. 647, 650 (stating that a basis to deny a motion to compel exists when a copy of the discovery requests are not included with the motion), *aff'd*, 835 F.2d 871 (Fed. Cir. 1987) (Table).

Similarly, 5 C.F.R. § 1201.81 contains the requirements for subpoenas. A request for a subpoena must be supported by a showing that the evidence sought is directly material to the issues involved in the appeal. 5 C.F.R. § 1201.81(c). If a requesting party fails to comply with this requirement, the administrative judge may deny the request. *See Nortz v. Department of Veterans Affairs*, 47 M.S.P.R. 526, 532 (1991) (stating that a request for a subpoena must comply with 5 C.F.R. § 1201.81); *Peeler v. Department of the Navy*, 18 M.S.P.R. 487, 488 (1983) (finding no error in the denial of an appellant's request for subpoenas because the request was not specific about the expected content nor was there a showing how the expected testimony was relevant or material). In the instant appeal, the appellant's request for subpoenas did not outline the relevancy of any of the documents or anticipated testimony of the listed witnesses. IAF, Tabs 18-19. Moreover, the appellant failed to follow the portions of 5 C.F.R. § 1201.73(c) that apply to subpoena requests, such as providing a copy of the request sent to the nonparty and a statement on the discussion of the motion with the nonparty outlining the good faith effort made to resolve the dispute. *Id.* The appellant did not cure each of the defects when he filed his motion for reconsideration. IAF, Tab 27 at 4-6. Thus, the administrative judge properly denied the appellant's subpoena requests. *See Gaumnitz v. Department of Health and Human Services, Social Security Administration*, 26 M.S.P.R. 283, 285 (1985) (outlining how the

party requesting a subpoena must be able to show general relevance, reasonable scope, and materiality of the evidence sought).

<u>The administrative judge erred in excluding some of the witnesses that the appellant requested for the hearing.</u>

Because the appellant established a prima facie case of reprisal for whistleblowing, the agency was given the opportunity to prove, by clear and convincing evidence, that it would have terminated him in the absence of his protected whistleblowing disclosures.  ID at 8-20; *see* 5 U.S.C. § 1221(e); *Hugenberg v. Department of Commerce*, 120 M.S.P.R. 381, ¶ 10 (2013).  In determining whether an agency meets its burden, the Board considers the relevant facts and circumstances, including:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  As noted above, in denying the appellant's request for corrective action, the administrative judge found that the agency proved by clear and convincing evidence that it terminated him due to his performance and conduct and not because of his whistleblowing disclosures.  ID at 12-20.  In reaching that conclusion, the administrative judge relied on her analysis of the so-called *Carr* factors set forth above.

In *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368-70 (Fed. Cir. 2012), the U.S. Court of Appeals for the Federal Circuit determined that a Board administrative judge erred by excluding witnesses that could have called into question the evidence used by the agency to address the *Carr* factors. Additionally, the court held that, "evidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the

pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Id.* at 1368.

Unlike his request for subpoenas, the appellant followed the instructions in the Hearing Order and provided proffers explaining the relevancy of the anticipated testimony for each of his requested witnesses for the hearing. IAF, Tab 13 at 2; Tab 24 at 4-5. The administrative judge denied the appellant's request for seven of these eight witnesses, finding that their testimony would have no relevancy to the issues in the appeal. IAF, Tab 29 at 3. Beyond himself, the appellant was permitted to call S.F. for testimony on a limited topic, along with one other witness, R.J., that was not on his filed written list but was requested during the prehearing conference. *Id.* On petition for review, the appellant takes issue with these witness rulings, claiming that he was denied a fair hearing because he could not introduce evidence to rebut the agency's reasons for terminating him. PFR File, Tab 1 at 8-9. In disputing an evidentiary ruling of an administrative judge, an appellant must prove that such an error caused substantial harm or prejudice to his rights, which could have affected the outcome of the case. *Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1378-79 (Fed. Cir. 1988); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984); *see Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 19 (2013) (discussing how the Board should not unduly restrict evidence in whistleblower claims).

A review of the record reflects that the administrative judge properly denied the appellant's request for G.G., A.K., K.M., R.S., and S.S. to testify. The proffer of these witnesses does not demonstrate any relevancy to the material issues in this appeal. IAF, Tab 24 at 4-5; *see Middleton v. Department of Veterans Affairs*, 64 M.S.P.R. 294, 297 (1994) (holding that an administrative judge has wide discretion to exclude witnesses when it has not been shown that their testimony would be relevant, material, and not repetitious); 5 C.F.R. § 1201.41(b)(10).

However, the administrative judge did err in excluding the testimony of the other listed witnesses, B.G. and R.P., as the appellant's detailed proffers claim that each supervised the appellant in some capacity and would be able to testify to his performance in the workplace. IAF, Tab 24 at 4-5. It was an error to deny S.F.'s testimony on this topic as well. *Id.* at 4. The appellant claims that S.F. and R.P. served as acting supervisors over him and managed his day-to-day work when his first-line supervisor, B.C., was out of the office. *Id.* at 4-5. He also states that B.G. was asked by the head of the office, R.J., to "informally supervise" him on the focus group project, which is one of the projects cited by B.C. and C.H. as an instance of the appellant's poor performance and conduct. IAF, Tab 16 at 114, Tab 24 at 4; HCD 2 (testimony of B.C.). As such, the anticipated testimony regarding the appellant's work performance from these three witnesses that supervised him in some capacity, which was proffered to counter the position of the appellant's permanent supervisors who did testify, is relevant to the dispositive determination in this case. Excluding the testimony of these witnesses effectively prevented the appellant from offering relevant evidence into the record to contradict the evidence relied on by the agency in meeting its clear and convincing standard. Such an error warrants a remand of this appeal for additional witness testimony to be taken. *See Whitmore*, 680 F.3d at 1368-70; *Hugenberg*, 120 M.S.P.R. 381, ¶ 18 (remanding an IRA appeal for additional hearing testimony, as the administrative judge improperly excluded the appellant's requested witnesses).

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication. The administrative judge shall take the

additional testimonial evidence as outlined herein. The factual findings and conclusions shall be reexamined accordingly and a new initial decision issued.


*Gina K. Grippando*

FOR THE BOARD: _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.